## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **HEVER DE LA GARZA** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **Vs.** | § | **CIVIL ACTION NO. 7:17-cv-00373** |
| | § | |
| **RACK ROOM SHOES INC.,** | § | |
| **MERCEDES PREMIUM OUTLETS,** | § | |
| **L.P., FORMERLY CPG MERCEDES,** | § | |
| **L.P., SIMON PROPERTY GROUP, L.P.,** | § | |
| **CPG TEXAS FINANCE II, L.L.C.,** | § | |
| **DEICHMANN WORLD OF** | § | |
| **SHOES, PRATO VERDE, INC. D/B/A** | § | |
| **VERSACE COMPANY STORE,** | § | |
| **GIANNI VERSACE, AND BOSTON** | § | |
| **TRADERS D/B/A DESTINATION XL** | § | |
| **GROUP, INC.** | § | |
| **DEFENDANTS** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HEVER DE LA GARZA (hereinafter referred to by his name and/or as **"PLAINTIFF"**) complaining of RACK ROOM SHOES INC., MERCEDES PREMIUM OUTLETS, L.P., FORMERLY CPG MERCEDES, L.P., SIMON PROPERTY GROUP, L.P., CPG TEXAS FINANCE II, L.L.C., DEICHMANN WORLD OF SHOES, PRATO VERDE, INC. D/B/A VERSACE COMPANY STORE, GIANNI VERSACE, AND BOSTON TRADERS D/B/A DESTINATION XL GROUP, INC. (hereinafter referred to by name and/or as **"DEFENDANTS"**), and for cause of action would respectfully show the Court the following:

### I. DISCOVERY PLAN AND DISCOVERY REQUESTS

**PLAINTIFF** intends to conduct discovery under Level 2 pursuant to Rule 190, Texas Rules Civil Procedure.

**PLAINTIFF** requests pursuant to Rule 194, 196 and 197 that **DEFENDANTS** disclose within fifty (50) days of filing of service of this request, the information or material described in Rule 194.2 A – L of the Texas Rules of Civil Procedure and the Interrogatories and Production herein attached as Exhibit "A". The original answers are to be forwarded to **PLAINTIFF's** attorney of record.

## II. PARTIES

**PLAINTIFF** is a resident of HIDALGO County, Texas.

**DEFENDANT,** RACK ROOM SHOES, INC. is a business entity doing business in Texas, and has been served.

**DEFENDANT,** MERCEDES PREMIUM OUTLETS, L.P., FORMERLY CPG MERCEDES, L.P. is a business entity doing business and incorporated in the State of Texas, and may be served with process by serving the registered agent of said company, <u>CT CORPORATION SYSTEM at 1999 BRYAN ST., STE. 900, DALLAS, TEXAS  75201-3140</u> via certified mail, return receipt requested or any other location where they may be found.

**DEFENDANT**, SIMON PROPERTY GROUP, L.P., is a business entity doing business and incorporated in the State of Texas, and may be served with process by serving the registered agent of said company, <u>CT CORPORATION SYSTEM at 1999 BRYAN ST., STE. 900, DALLAS, TEXAS  75201-3140</u> via certified mail, return receipt requested or any other location where they may be found.

**DEFENDANT**, CPG TEXAS FINANCE II, L.L.C., is a business entity doing business in the State of Texas, and may be served with process by serving the registered agent of said company, <u>CT CORPORATION SYSTEM at 350 NORTH ST. PAUL ST., DALLAS, TEXAS 75201</u> via certified mail, return receipt requested or any other location where they may be found.

**DEFENDANT**, DEICHMANN WORLD OF SHOES, is a business entity doing business in the State of Texas, and may be served with process by serving the registered agent of said company, <u>CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY at 211 E. 7TH ST., STE 620, AUSTIN, TEXAS 78701-3218</u> via certified mail, return receipt requested or any other location where they may be found.

**DEFENDANT**, PRADO VERDE, INC. D/B/A VERSACE COMPANY STORE, is a business entity doing business in the State of Texas, and may be served with process by serving the registered agent of said company, <u>CORPORATION SERVICE COMPANY D/B/A CSC – LAWYERS INCORPORATING SERVICE COMPANY at 211 E. 7TH ST., STE. 620, AUSTIN, TEXAS  78701-3218</u> via certified mail, return receipt requested or any other location where they may be found.

**DEFENDANT**, GIANNI VERSACE, is a business entity doing business in the State of Texas, and may be served with process by serving the registered agent of said company,

DOMINIQUE BROOKS, at 4552 CHELTON CT SE, SMYRNA, GA  30080-6947 via certified mail, return receipt requested or any other location where they may be found.

      **DEFENDANT,** BOSTON TRADERS D/B/A DESTINATION XL GROUP, INC., is a business entity doing business in the State of Texas, and may be served with process by serving the registered agent of said company, CT CORPORATION SYSTEM, at 400 CORNERSTONE DR., STE. 240, WILLISTON, VT  05495-4019 via certified mail, return receipt requested or any other location where they may be found.  Service of said Defendants as described above can be effected by any of the methods allowed by the Texas Rules of Civil Procedure.

### III. ASSUMED NAMES

      Pursuant to Rule 28 of the Texas Rules of Civil Procedure, HEVER DE LA GARZA is suing any partnership, unincorporated association, private corporation, or individual whose name contains the words or who does business under or as RACK ROOM SHOES, INC., MERCEDES PREMIUM OUTLETS, L.P., CPG MERCEDES, L.P., SIMON PROPERTY GROUP, L.P., CPG TEXAS FINANCE II, L.L.C., DEICHMANN WORLD OF SHOES, PRATO VERDE, INC. D/B/A VERSACE COMPANY STORE, GIANNI VERSACE, AND BOSTON TRADERS D/B/A DESTINATION XL GROUP, INC.  **It is the intent of Plaintiff to file lawsuit against the owners, occupiers, property managers and/or controllers of the** RACK ROOM SHOES, INC., MERCEDES PREMIUM OUTLETS, L.P., CPG MERCEDES, L.P., SIMON PROPERTY GROUP, L.P., CPG TEXAS FINANCE II, L.L.C., DEICHMANN WORLD OF SHOES, PRATO VERDE, INC. D/B/A VERSACE COMPANY STORE, GIANNI VERSACE, AND BOSTON TRADERS D/B/A DESTINATION XL GROUP, INC.

### IV. JURISDICTION AND VENUE

      **PLAINTIFF** brings this suit to recover damages against **DEFENDANTS** for sustained losses, damages and personal injuries suffered by **PLAINTIFF** as a result of an incident occurred in HIDALGO County. **PLAINTIFF** has sustained damages in a monetary relief of $100,000.00 but no more than $200,000.00 within the jurisdictional requirements of this Court. Venue of this proceeding is proper in HIDALGO County, Texas, pursuant to Texas Civil Practice and Remedies

Code Section 15.002.  **PLAINTIFF'S** cause of action arose in HIDALGO County, Texas.

## V. STATEMENT OF FACTS

On or about DECEMBER 29, 2015, **PLAINTIFF** HEVER DE LA GARZA was a customer at **DEFENDANTS'** premises. located at 5001 E. EXPRESSWAY 83 #226, MERCEDES, TEXAS 78570.  While shopping at **DEFENDANTS** store, **PLAINTIFF** was shopping when he slipped and fell due to improper maintenance.  As a result of the accident **PLAINTIFF** suffered severe personal injuries.

## VI. CAUSES OF ACTION

**PLAINTIFF** has the following causes of action against **DEFENDANTS**:

**A.    NEGLIGENCE**

**PLAINTIFF** has a negligence cause of action against **DEFENDANTS** because they meet the following required elements:

1.    The **DEFENDANTS** owed a legal duty to the **PLAINTIFF**;

2.    The **DEFENDANTS** breached the duty; and

3.    The breach proximately caused the **PLAINTIFF**'s injuries.

**B.    PREMISES LIABILITY**

**PLAINTIFF** has premises liability cause of action against **DEFENDANTS** because they meet the following elements required in a cause of action brought by an invitee:

1.    **PLAINTIFF** was an invitee;

2.    The **DEFENDANTS** were the possessors of the premises;

3.    A condition on the premises posed an unreasonable risk of harm;

4.    The **DEFENDANTS** knew or reasonably should have known of the danger;

5.    The **DEFENDANTS** breached its duty of ordinary care by both:

(A)    failing to adequately warn the **PLAINTIFF** of the condition, and

(B)    failing to make the condition reasonably safe; and

6.    The **DEFENDANTS**' breach proximately caused the **PLAINTIFF**'s injuries.

## VII. PLAINTIFF'S DAMAGES

**PLAINTIFF** hereby pleas the following damages that were caused as a direct and proximate result of the occurrence made the basis of this lawsuit:

A.    Reasonable medical care and expenses in the past.  These expenses were incurred by **PLAINTIFF** for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual

and customary charges for such services in HIDALGO County, Texas;

B.      Reasonable and necessary medical care and expenses which in all reasonable probability be incurred in the future;

C.      Physical pain and suffering in the past;

D.      Physical pain and suffering in the future;

E.      Physical impairment in the past;

F.      Physical impairment which, in all reasonable probability, will be suffered in the future;

G.      Loss of earnings in the past;

H.      Loss of earning capacity which will, in all probability, be incurred in the future;

I.      Mental anguish in the past;

J.      Mental anguish in the future; and

K.      Disfigurement.

Plaintiff seeks monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgement interest, and attorney fees;, (TRCP 47(c)(3)).

## VIII. PRAYER

WHEREFORE, **PLAINTIFF** requests that **DEFENDANTS** be cited to appear and answer and that, on final trial, **PLAINTIFF** has the following:

A.      Judgment against **DEFENDANTS** in monetary relief of $100,000.00 but no more than $200,000.00;

B.      Prejudgment and post judgment interest as provided by law; and

C.      Such other relief to which **PLAINTIFF** may be justly entitled.

Respectfully submitted,

**MARTIN L. PEREZ**
Attorney At Law
301 North Main Street, Suite 7
McAllen, Texas 78501
Telephone (956) 322-8997
Facsimile (956) 682-3550

**BY:**    _Martin L. Perez_
          **MARTIN L. PEREZ**
          **Texas State Bar No.: 24041675**
          **Email: mlperezattorney@gmail.com**
          **Attorney for Plaintiff**

# EXHIBIT
## "A"

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

**INTERROGATORY 1:**
Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

**ANSWER:**

**INTERROGATORY 2:**
Please provide us with a list of names of all of DEFENDANT'S employees who were working at the store where the incident made the basis of this lawsuit occurred on the date when the incident made the basis of this lawsuit occurred.  Please include their job titles along with their job duties.

**ANSWER:**

**INTERROGATORY 3:**
Please provide us with the names of the employees, person, company, and/or independent contractor who was responsible for maintenance the items that caused PLAINTIFF's injury on the day of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY 4:**
If Defendant has been involved in a premises liability and or negligence lawsuits in the five (5) years before the accident made the basis of this lawsuit occurred, please provide us with the nature of the suit, the court where such suit took place, including the complete style of the cause of action, whether the PLAINTIFF was a PLAINTIFF or defendant in such litigation, the date such suit was filed and the final disposition of the case.

**ANSWER:**

**INTERROGATORY 5:**
Please provide us with the number of incidents that occurred around, near, or because of similar display arrangements, and/or premises liability claims filed against Defendant in the five (5) years before the accident occurred.

**ANSWER:**

**INTERROGATORY 6:**
<u>Avoidance:</u> Please state each and every act and/or action taken by you which was an attempt to avoid the incident made the basis of this suit.

If not, give in your answer the reason for doing so.

**ANSWER**

**INTERROGATORY 7:**
Please identify by name, address and telephone number any person who is expected to be called to

testify at trial. TRCP 192.3(d), TRCP 192.5(c)(1). With respect to those witnesses identified above who were a witness to the incident, please state:

      a.      Their names and addresses;

      b.      Their location at the scene of the incident; and

      c.      Whether you have any statement recorded, written or otherwise, from any of these witnesses.

      d.      The substance of what they witnesses (brief description)

**ANSWER**

**INTERROGATORY 8:**
Please state whether or not any photographs were made by you or persons representing your interests of either the scene of the incident or the vehicles involved. If so, state the date the photographs were taken, the name and address of the person taking the photographs and the name and address of the person having custody of the photographs.

**INTERROGATORY 9:**
Please describe fully and completely, and in your own words, how the incident made the basis of this suit occurred.

ANSWER

**INTERROGATORY 10:**
Please state whether you intend to impeach Plaintiff or any of Plaintiff's witnesses with evidence of a criminal conviction, pursuant to Tex. R. Civ. Evid. 609. If so, please describe such evidence by giving the name of the accused, the nature of the crime, and the date of the conviction.

**ANSWER**

**INTERROGATORY 11:**
If you contend that any of the injuries or infirmities that Plaintiff claims resulted from the incident were pre-existing or were caused by a subsequent injury or illness:

      (a)      State in detail each such contention; and

      (b)      State the name, address, and telephone number of each person who possesses knowledge of relevant facts relating to each such contention.

**INTERROGATORY 12:**
If you contend that Plaintiff has exaggerated any complaint, symptom, or impairment in connection with the injuries alleged to have been sustained in the incident:

      (a)      Identify each complaint, symptom or impairment which has been exaggerated; and

      (b)      State the name, address and telephone number of each person who has knowledge of relevant facts with respect to each of your contentions.

**ANSWER**

**INTERROGATORY 13:**

If you contend that any medical test or treatment that Plaintiff received after the incident was unnecessary, or that any charges for medical services were unreasonable:

(a)     State in detail each such contention; and

(b)     State the name, address, and telephone number of each person who possesses knowledge of relevant facts relating to each such contention.

**ANSWER**

**INTERROGATORY 14:**

What are your contentions as to the proximate cause(s) of the Plaintiff's injuries and damages made the basis of this lawsuit?  Please state the factual basis for such contentions?

**ANSWER**

**INTERROGATORY 15:**

Please state the weather conditions at the time of the incident made the basis of this suit and the part the weather played in the incident, if any.

**ANSWER**

**PLAINTIFF'S FIRST SET OF REQUEST FOR PRODUCTION TO DEFENDANTS**

1.   Please produce a copy of any incident reports filed by PLAINTIFF with Defendant on the day of the incident made the basis of this lawsuit.

RESPONSE:

2.   Please produce a copy of any incident reports filed by PLAINTIFF with Defendant before the day of the incident made the basis of this lawsuit.

RESPONSE:

3.   Please produce a copy of any incident reports filed by PLAINTIFF with Defendant after the day of the incident made the basis of this lawsuit.

RESPONSE:

4.   Please produce a copy of any incident reports concerning improper maintenance of items on Defendant's premises for the 12 months preceding the accident made the basis of this lawsuit.

RESPONSE:

5.   Please produce a copy of any incident reports concerning improper maintenance of items on Defendant's premises that occurred on Defendant's premises for the 24 hours preceding the accident made the basis of this lawsuit.

RESPONSE:

6.   Please produce a sample of the incident report form used by Defendant to document incidents that are caused by improper maintenance of items and/or other accidents that occurred on their premises.

RESPONSE:

7.   Please produce any manuals, videos and/or booklets used by Defendant to train their employees in the handling of accidents occurred inside their premises.

RESPONSE:

8.   Please produce any manuals, videos and/or booklets used by Defendant to train their employees in filling out incident reports.

RESPONSE:

9.   Please produce any documents describing Defendant's policies and procedures related to maintenance items on their premises.

RESPONSE:

10.     Please produce any documents describing Defendant's policies and procedures related to the similar accidents on Defendant's.

RESPONSE:

11.     Please produce a copy of any work schedules indicating the names of the employees who were working on the day of the incident made the basis of this lawsuit at the store where the incident made the basis of this lawsuit occurred.

RESPONSE:

12.     Please produce the personnel files of the employees who were working for Defendant on the day of the incident made the basis of this lawsuit at the store where the incident made the basis of this lawsuit occurred.

RESPONSE:

13.     Please produce any contracts and/or written agreements with any companies and/or independent contractors responsible for Defendant and/or maintaining Defendant's premises during the time of the incident made the basis of this lawsuit.

RESPONSE:
14.     Please produce any documents reflecting the names of employees, persons, companies and/or independent contractors who were responsible for cleaning and/or maintaining Defendant's premises for the last five years.

RESPONSE:

15.     Produce copies of any and all correspondence, communications, letters, notes of oral communications, and all other documents or writing sent to or received from or exchanged by and between you and PLAINTIFF and their agents, employees, or representatives concerning the subject matter of this lawsuit.

RESPONSE:

16.     Produce copies of all still photographs and videos that are relevant to any issue involved in this lawsuit, including, but not limited to photographs or videos that show the premises where the incident made the basis of this lawsuit occurred.

RESPONSE:

17.     Produce Any and all documents which reflect the names and present or last known location of any and all persons known to you, your attorney, or any other persons acting on your behalf who were witnesses to the occurrence, present at the scene of the occurrence or might have knowledge of facts relevant to the occurrence made the basis of this suit or damages claimed by you.

RESPONSE

18.    Produce any and all photographs, videotapes or films in your possession, the possession of your attorney, your experts, or any other person acting on your behalf pertaining to the incident, the damage any property involved in the incident, the scene of the incident, or any other fact or matter that is the subject, or related to the subject, of this suit, whether or not expected to be introduced into evidence at trial.

RESPONSE

19.    Produce Any and all recordings of conversations with Plaintiff or any of Plaintiff's agents, servants or employees.

RESPONSE

20.    Produce any and all recordings and statements of any witness, including the defendant or expert witness in this case.

RESPONSE

21.    Produce any and all investigative reports including adjuster notes pertaining to the incident made the basis of this suit, which were compiled prior to an anticipation of litigation. Axelson v. McIlhany, 798 S.W.2d 550, 552-3 (Tex. 1990).

RESPONSE

22.    Produce a complete copy of your insurance companies' file from the date of this accident until it first received Plaintiff's notice of representation, pursuant to Dunn Equip., Inc. v. Gayle, 725 S.W.2d 372 (Tex. App. – Houston [14th Dist.] 1987, orig. proceeding).

RESPONSE

23.    Produce a complete copy of your insurance companies' file from the date of this accident until the date suit was file, pursuant to Dunn Equip., Inc. v. Gayle, 725 S.W.2d 372 (Tex. App. – Houston [14th Dist.] 1987, orig. proceeding).

RESPONSE

24.    Produce a copy of the Defendant's insurance company's claims file. In Re Ford Motor Co. 988 S.W. 2nd 714, 7119 (Tex 1998) and Dunn Equip. V. Gayle, 725 S.W.2d 372, 374-5 (Tex. App. Houston [14th Dist.] 1987, orig. proceeding.

RESPONSE

25.    Produce copies of all releases, letters, memoranda or other documents that reflect, refer to or in any way set forth the terms of any agreement between you and any defendant, cross plaintiff, counter plaintiff, or pre litigation claimant in this suit to settle any part or all of the claims that you may have arising from the incident made the basis of this suit.

RESPONSE

26.     Produce copies of all reports, compilations of data and other material prepared or used by an expert witness Plaintiff may call to testify on the issues of either liability or damages, and of all consulting experts whose work has been reviewed by an expert who may be called to testify.

RESPONSE

27.     Produce any and all treatises, periodicals and pamphlets that you may offer or use in the trial of this cause under Rule 803(18) of the Texas Rules of Evidence.

RESPONSE

28.     Produce copies of all reports, physical models, compilations of data, photographs and other material prepared by an expert or for an expert in anticipation of the expert's deposition and/or trial testimony, including material prepared by an expert used for consultation if it forms a basis, either in whole or in part, of the opinions of an expert who may be called as a witness.

RESPONSE

29.     Produce copies of all documents reflecting and/or constituting mental impressions and opinions held by an expert and facts known to the expert which relate to or form the basis of the mental impressions and opinions held by the expert, including any expert used for consultation if the expert's work product forms a basis, either in whole or in part, of the opinions of an expert who may be called as a witness.

RESPONSE

30.     Produce a list of all other cases in which any retained experts has testified as an expert, at trial or by deposition, within the last four years and the amount of money paid for each case.

RESPONSE

31.     Produce all financial records which show that amount of money earned by all retained experts within the last four years. If you are unable to produce such documents, please provide the retained experts tax returns for the last four years.

RESPONSE

32.     Produce copies of all documents, tangible things, physical models, report compilations of data or other material provided to, reviewed by, or prepared or for the retained testifying expert in anticipation of trial TRCP 192.3(e)(6) and 194.2(f)(4)(A).

RESPONSE

33.     Produce curriculum vitae for any expert who you anticipate you may call to testify at the time

of trial.

RESPONSE

34.    Produce curriculum vitae of any expert whose opinions or impressions were reviewed by any testify expert, or whose opinions or impressions, in whole or in part form the basis of the opinion held by any testifying expert.

RESPONSE

35.    Produce a copy of any accident reports prepared either by a law enforcement agency or by you.

RESPONSE

36.    Produce <u>a</u> copy of all medical bills and records obtained through discovery in this case.

RESPONSE

37.    Produce a copy of any and all wage loss documentation, obtained through discovery in this case.

RESPONSE

38.    Produce a copy of all deposition upon written questions including attachments and exhibits obtained through discovery in this case.

RESPONSE

39.    Produce a copy of any and all employment documents of plaintiff obtained through discovery in this case.

RESPONSE

40.    Produce a color photographs of property damage and inspection reports regarding this case.

RESPONSE

41.    Produce any and all documents which will be introduced into evidence at time of trial.

RESPONSE

42.    Produce any and all documents which will be sued at time of trial for the impeachment of any witness in the case, including but not limited to the plaintiff, any witness or any experts.

RESPONSE

43.    Produce any and all documents evidencing either the arrest or conviction of any part or witness

in the case.

RESPONSE

44.    Produce any and all credit histories or reports of the Plaintiff obtained by you, your insurance company, your attorney, investigator, agent, or any one acting on your behalf.

RESPONSE

45.    Produce a copy of all records, including but not limited to medical, employment, and insurance claims records, including attachments and exhibits obtained through discovery in this case by subpoena, affidavit or otherwise.

RESPONSE

46.    Produce a complete, legible and unaltered photocopy of Plaintiff's medical records from your office, facility or institution.  If you contend that no such documents exist, then please so state.

RESPONSE

47.    Produce a complete, legible and unaltered copy of Plaintiff's medical bills from your office, facility or institution.  If you contend that no such documents exist, then please so state.

RESPONSE

48.    Produce a complete, legible and unaltered copy of all medical records on the Plaintiff which you have obtained in this case whether by medical authorization, subpoena, deposition upon written or oral questions, or otherwise.  If you contend that no such documents exist, then please so state.

RESPONSE

49.    Produce a complete, legible and unaltered copy of all medical bills on the Plaintiff which you have obtained in this case whether by medical authorization, subpoena, deposition upon written or oral questions, or otherwise.  If you contend that no such documents exist, then please so state.

RESPONSE

50.    Produce all x-rays, CAT scans, MRI scans, ultrasound films, laparoscopic films or pictures, endoscopic films or pictures, arthroscopic films or pictures, or other forms of diagnostic imaging studies, films or pictures of the Plaintiff from your office, facility or institution. If you contend that you have no such items, then please so state.

RESPONSE

51.    Produce all x-rays, CAT scans, MRI scans, ultrasound films, or other forms of diagnostic

imaging studies of the Plaintiff which you have obtained in this case whether by medical authorization, subpoena, deposition upon written or oral questions, or otherwise.  If you contend that no such documents exist, then please so state.

RESPONSE

52.    Produce complete, legible and unaltered copies of all military service records on the Plaintiff which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise.  If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

RESPONSE

53.    Produce complete, legible and unaltered copies of all social security administration records on the Plaintiff which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise.  If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

RESPONSE

54.    Produce complete, legible and unaltered copies of all federal income tax records on the Plaintiff which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise.  If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

RESPONSE

55.    Produce complete, legible and unaltered copies of all pharmacy or prescription records on the Plaintiff which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise.  If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

RESPONSE

56.    Produce complete, legible and unaltered copies of all psychiatric records on the Plaintiff which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise.  If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

RESPONSE

57.    Produce complete, legible and unaltered copies of all physical therapy, occupational therapy, speech therapy, or physical rehabilitation records on the Plaintiff which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral

questions, or otherwise.  If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

RESPONSE

58.    Produce complete, legible and unaltered copies of all driving records on the Plaintiff which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise.  If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

RESPONSE

59.    Produce complete, legible and unaltered copies of all scholastic records on the Plaintiff which you have obtained in this case, whether by authorization, subpoena, deposition on written or oral questions, or otherwise.  If you contend that no such documents exist, or that you do not have possession, custody or control of such documents, then please so state.

RESPONSE

60.    Produce all written retainer agreements or compensation agreements between defendant, defendant's counsel or defendant's insurer(s) and each of defendant's retained testifying expert witnesses.  If you contend that no such documents exist, then please so state.

RESPONSE

61.    Produce complete and legible copies of all invoices or billing statements submitted by or on behalf of defendant's testifying witnesses for work done in connection with this case. If you contend that no such documents exist, then please so state.

RESPONSE

62.    Produce complete and legible copies of all payments made by or on behalf of defendant to any of defendant's testifying experts in this case.  If you contend that no such documents exist, then please so state.

RESPONSE

63.    Produce complete and legible copies of all written reports and all depositions given by defendant's testifying expert witnesses in other cases in which the expert was retained by defendant's counsel, defense counsel's law firm, or defendant's liability insurance carrier. If you contend that no such items exist, then please so state.

RESPONSE

64.    Produce complete, legible and unaltered copies of all written standards, practice guidelines, protocols, rules or regulations regarding patient diagnosis, management, care or treatment which you contend are relevant to any issue in this lawsuit.  If you contend that no such documents exist, then please so state.

RESPONSE

65.     Produce complete and legible copies of all invoices or billing statements submitted by or on behalf of any person for work done in connection with the taking of any photographs, videotapes or films in your possession, the possession of your attorney, your experts, or any other person acting on your behalf pertaining to the incident, the damage any property involved in the incident, the scene of the incident, plaintiff surveillance or any other fact or matter that is the subject, or related to the subject, of this suit, whether or not expected to be introduced into evidence at trial.

RESPONSE

66.     Produce complete and legible copies of each reservation of rights letter or other **document** from your insurer(s) that imposes any limitations or conditions upon its/their provision to you of a defense in the present case

RESPONSE

67.     Produce complete and legible copies of each lawsuit filed by your insurance company against you in state and or federal court alleging a failure of coverage under the insurance policy which is part of the subject of this litigation in the present case.

RESPONSE

68.     Produce any and all photographs, videotapes or films in your possession, the possession of your attorney, your experts, or any other person acting on your behalf which show the Plaintiff after the accident under surveillance, whether or not expected to be introduced into evidence at trial.

RESPONSE

        Counsel is hereby notified that the response "these documents are available to be reviewed in the Defendant's attorney office and/or are available at your expense" or similar responses to the above requests are unacceptable unless stated otherwise for a particular request.  Counsel is hereby guaranteed its reasonable reproduction costs of these documents upon production.

## PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS TO DEFENDANTS

REQUEST FOR ADMISSION NO. 1:
Plaintiff properly named defendant in Plaintiff's original petition.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 2:
Defendant owned the premises involved in the incident made the basis of this lawsuit.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 3:
Defendant had control of the premises involved in the incident made the basis of this lawsuit.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 4:
Defendant was in charge of maintaining the premises involved in the incident made the basis of this lawsuit.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 5:
Defendant's business was open to the public at the time of the incident occurred.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 6:
Plaintiff was a customer of Defendant's business on the date of the incident

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 7:
Defendant was notified of the improper maintenance before the accident occurred.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 8:
Defendant, after becoming aware of the improper maintenance did not properly maintain the items until after the incident occurred.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 9:
Defendant caused the improper maintenance of items.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 10:
Defendant was aware of the risk of injury created by the condition of the maintenance of the items.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO. 11:
Defendant, after the incident made the basis of this lawsuit, properly cleaned up the items that caused the incident made the basis of this lawsuit.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 12:
Admit that on DECEMBER 29, 2015 an incident made the basis of this lawsuit occurred at Defendant's store located at 5001 E. EXPRESSWAY 83 #226, MERCEDES, TX 78570.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 13:
Do you admit that Defendant was negligent with respect to the cause of the incident made the basis of the lawsuit?

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 14:
Admit that PLAINTIFF'S injuries were not the result of a pre-existing injury and/or conditions and not related to the incident.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 15:
Admit that the weather did not play a role in this incident made the basis of this lawsuit.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 16:
Admit that PLAINTIFFS' injuries were not the result of injuries made the basis of this lawsuit sustained subsequent to and not related to the incident made the basis of this lawsuit.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 17:
Admit that DEFENDANT has no facts to support a contention that PLAINTIFFS' injuries were not the result of injuries sustained subsequent to and not related to the incident made the basis of this lawsuit made the basis of this lawsuit.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 18:
Admit that medical treatment received by PLAINTIFF HEVER DE LA GARZA was necessary.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 19:
Admit that DEFENDANT, has no facts to support a contention that medical treatment received by PLAINTIFF HEVER DE LA GARZA was necessary.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 20:
Admit that charges for the medical treatment received by PLAINTIFF HEVER DE LA GARZA were reasonable.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 21:
Admit that DEFENDANT has no facts to support a contention that charges for the medical treatment received by PLAINTIFF HEVER DE LA GARZA were reasonable.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 22:
Admit that DEFENDANT'S corporate representative answered these admissions.

**ANSWER:**

**ADMIT OR DENY**

REQUEST FOR ADMISSION NO 23:
Admit that DEFENDANT's lawyer answered these admissions.

**ANSWER:**

**ADMIT OR DENY**